NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

INNOVATIVE WORK COMP SOLUTIONS, LLC, *Petitioner Employer,*

SUNZ INSURANCE COMPANY, *Petitioner Carrier,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

DENNIS WELLMAN, *Respondent Employee,*

SPECIAL FUND DIVISION/NO INSURANCE SECTION, *Respondent Party in Interest,*

RUNCHEY ENTERPRISES, *Respondent Employer,*

CATALYST SOLUTIONS, *Respondent Employer,*

LIBERTY MUTUAL INSURANCE, *Respondent Insurance Carrier.*

No. 1 CA-IC 21-0038
FILED 6-14-2022

Special Action - Industrial Commission
ICA Claim Nos. 20181-730396
20182-400142
20185-470373
Carrier Claim No. SZ1800009935
The Honorable Paula R. Eaton, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Jardine, Baker, Hickman & Houston, PLLC, Phoenix
By K. Casey Kurth
*Counsel for Petitioner Employer/Carrier*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Snow Carpio & Weekley PLC, Phoenix
By Brian A. Weekley
*Counsel for Respondent Employee*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent Party in Interest*

Lundmark Barberich La Mont & Slavin PC, Phoenix
By Lisa M. LaMont
*Counsel for Respondent Employer/Carrier*

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

**H O W E**, Judge:

¶1        Innovative Work Comp Solutions, LLC, a professional employer organization ("PEO"), appeals the Industrial Commision of Arizona's ("ICA") award finding three employers, including Innovative, liable for an injury that occurred on a construction site. Innovative and its insurance carrier, Sunz Insurance Company, argue that it complied with A.R.S. § 23–901.08(D)(3), thereby relieving itself from workers' compensation liability for non-covered employees. Under A.R.S. § 23–901.08(D)(3), however, a PEO must notify the ICA and its client if any member of the client's workforce is not covered by the professional

2

employment agreement between the PEO and the client. Innovative failed to comply with the notice requirement. We therefore affirm the award.

## FACTS AND PROCEDURAL HISTORY

¶2 In early 2018, Dennis Wellman worked as a journeyman carpenter, doing mainly drywall work for Catalyst Solutions on a specific construction job. When that job concluded, a Catalyst employee directed him to a job with Runchey Enterprises in Lake Havasu City, Arizona. He worked on the Arizona job for several days before a large wall fell on him, breaking his leg and seriously injuring his ankle. After he filed a claim for workers' compensation benefits, Innovative, Sunz, Runchey, and Catalyst disputed who was liable for the claim as his employer.

¶3 Runchey had an "Administrative Service Organization Agreement" ("Agreement") with Innovative that provided "leased employee services and workers' compensation services" to Runchey. In the Agreement, the parties declared that Innovative was a "statutory employer" of covered employees for workers' compensation purposes. The Agreement provided workers' compensation coverage for Runchey employees on its payroll but exempted coverage for any workers not on the payroll. Runchey agreed to provide workers' compensation coverage for "independent contractors and sub-contractors." The Agreement was in effect when Wellman was hurt. After a hearing, an administrative law judge ("ALJ") found that Catalyst was Wellman's direct employer, that Runchey was the statutory employer, and that Innovative was not an employer.

¶4 The ICA's Special Fund Division requested review of the award, asking the ALJ to reconsider the decision and analyze Innovative's liability in light of A.R.S. § 23–901.08, which makes PEOs co-employers with their clients. It claimed that Innovative did not comply with A.R.S. § 23–901.08(D)(3), which states that when a PEO enters an agreement with a client in this state, the PEO "shall notify" its insurance carrier and the ICA of the agreement on an ICA approved form. The approved form required that if the agreement did not cover all employees of the client employer, it must inform the ICA "of the client employer's workers' compensation insurance carrier" that covers the client employer for any employees "who are not covered by the professional employer agreement." *Id*. Accordingly, the Special Fund Division argued that because the Agreement did not identify the insurance carrier for non-covered employees, Innovative was not in compliance with A.R.S. § 23–901.08(D)(3). Innovative responded by stating that the Agreement complied with the statute and urged the ALJ to affirm the initial finding that Wellman was not an employee of Innovative.

**¶5** The ALJ did not rule whether Innovative complied with the statute. Instead, the ALJ issued a Decision Upon Review that recited A.R.S. § 23–901.08(D)(3) and the lent-employee doctrine as adopted in *Word v. Motorola, Inc.*, 135 Ariz. 517 (1983), which made a "lent employee" a covered employee of the business to which they are lent. The Decision Upon Review concluded:

> I find that Innovative Work Comp Solutions is a co-employer of [Wellman] based upon their contract with Runchey Enterprises and the provisions of A.R.S. § 23–901.08(D). The Arizona Workers' Compensation Act requires that a PEO insure all covered employees and that they are deemed to be a co-employer of all employees as part of that professional employer agreement. A.R.S. § 23–901.08.

Innovative timely brought this review.

## DISCUSSION

**¶6** Innovative argues that it complied with A.R.S. § 23–901.08's requirements. An appellate court must affirm an agency action unless it is "contrary to law, is not supported by substantial evidence, is arbitrary and capricious or is an abuse of discretion." A.R.S. § 12–910(F). The parties do not dispute the facts critical to resolving the issue on appeal. This court reviews legal questions, including statutory interpretation, de novo, "without deference to any previous determination that may have been made on the question by the agency." *Id*. This court interprets statutes to give effect to the legislature's or voters' intent, looking first to the statutory language itself. *Baker v. Univ. Physicians Healthcare*, 231 Ariz. 379, 383 ¶ 8 (2013). When construing the workers' compensation statutes, courts should favor interpretations that favor making the worker whole and that promotes a worker's possibility for redress. *See Carbajal v. Indus. Comm'n of Ariz.*, 223 Ariz. 1, 3 ¶ 10 (2009).

**¶7** Section 23–901.08 applies to PEOs, which are defined as any person or organization "engaged in providing professional employer services," A.R.S. § 23–901(15), through co-employment relationships that cover all or a majority of employees providing services to a client, A.R.S. § 23–901(16). A professional employer agreement is a written contract in which a PEO agrees to co-employ all or a majority of the employees providing services to a client. A.R.S. § 23–901(14). Such contracts are intended to be ongoing rather than temporary, and they expressly allocate employer responsibilities for worksite employees between the parties. *Id*.

¶8          While a professional services agreement is in effect, the PEO is a co-employer of the client's employees. A.R.S. § 23–901.08(A). A PEO must notify its workers' compensation insurance carrier and the ICA when it enters into an agreement with a client. A.R.S. § 23–901.08(D). It must do so via an ICA form that identifies the client and states whether the agreement covers all employees.[1] *Id.* If the agreement does not cover all employees, the notification must provide the name of the client's workers' compensation insurance carrier covering those employees the PEO agreement does not cover. A.R.S. § 23–901.08(D)(3). Upon termination of a PEO agreement, the PEO must notify its carrier and the ICA. A.R.S. § 23–901.08(E).

¶9          Innovative provided no evidence that it notified Sunz or the ICA that it did not cover Wellman as A.R.S. § 23–901.08(D)(3) required. The appellate record does not contain a completed ICA notification form filed with the ICA. Without such evidence, Innovative cannot prove that it complied with A.R.S. § 23–901.08(D)(3). While the parties seem to implicitly agree that the Agreement can act as the required notification, the statute does not permit that. Notification to the PEO carrier and the ICA must be on an approved form. A.R.S. § 23–901.08(D)(3). Moreover, even if we assume the Agreement would otherwise serve as notification, it did not provide the name of Runchey's carrier which would cover the employees not covered by the Agreement. *Id.* Because Innovative failed to show that it filed the statutorily required notification, it did not comply with A.R.S. § 23–901.08(D)(3). The ALJ therefore did not err in finding Innovative was Wellman's co-employer with Runchey. *See* A.R.S. § 23–901.08(B), (D)(3).

¶10         Innovative nonetheless argues that the award should be set aside because the ALJ failed to make findings necessary for this court to determine the basis of its ruling that Innovative is a co-employer of Wellman. We disagree. The Decision Upon Review implicitly found that Innovative did not comply with the statute.

---

[1]     The ICA provides a form of this notice on its public website at https://www.azica.gov/claims-filing-professional-employer-organization-peo-agreement.

**CONCLUSION**

¶11        For the reasons stated, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA